3
GREGORY S. POWELL, State Bar No. 182199
Assistant United States Trustee
JASON BLUMBERG, State Bar No. 330150
Trial Attorney
UNITED STATES DEPARTMENT OF JUSTICE
Office of the United States Trustee
2500 Tulare Street, Suite 1401
Fresno, California 93721
Telephone: (559) 487-5002
Facsimile: (559) 487-5030
E-mail: jason.blumberg@usdoj.gov

Attorneys for TRACY HOPE DAVIS
United States Trustee for Region 17

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | CASE NO.: 21-12598-B-7 |
| YINGCHUN LOU, | |
| Debtor. | |
| TRACY HOPE DAVIS, UNITED STATES TRUSTEE, | |
| Plaintiff, | ADV. PROC. NO.: 22-01008 |
| v. | DCN No.: UST-1 |
| YINGCHUN LOU, | NO HEARING REQUESTED |
| Defendant. | |

**APPLICATION OF THE UNITED STATES TRUSTEE TO
DISMISS ADVERSARY PROCEEDING**

1

Tracy Hope Davis, the United States Trustee for Region 17 (the "UST"), by and through her undersigned counsel, hereby requests entry of an order dismissing this Adversary Proceeding (without prejudice to the UST's rights under 11 U.S.C. § 524(b)), with each party to bear its own costs.

1. In order to resolve the Adversary Proceeding, the Defendant stipulated (the "Stipulation") to (i) the dismissal of the above-captioned Bankruptcy Case No. 21-12598-B-7 (the "Main Bankruptcy Case"), and (ii) the imposition of a two-year bar against the Defendant's filing of a new bankruptcy case.

2. Consistent with the Stipulation, the Court entered an order dismissing the Main Bankruptcy Case (and imposing the two-year bar) on June 7, 2022  See ECF No. 69 in the Main Bankruptcy Case.

3. Thus, the UST now seeks dismissal of this Adversary Proceeding (without prejudice to the UST's rights under 11 U.S.C. § 524(b)).

4. In general, a plaintiff may dismiss an action without a court order (i) by filing a notice of dismissal before the opposing party serves an answer or a motion for summary judgment or (ii) pursuant to a stipulation of dismissal filed by all parties who have appeared. See Fed. R. Civ. P. 41(a)(1) (as made applicable herein by Fed. R. Bankr. P. 7041). Otherwise, an adversary proceeding may be dismissed at the plaintiff's request only by court order. See Fed. R. Civ. P. 41(a)(2).

5. Here, the Defendant has not filed an answer or moved for summary judgment. However, Bankruptcy Rule 7041 provides that: "Rule 41 … applies in adversary proceedings, except that a complaint objecting to the debtor's discharge shall not be dismissed at the plaintiff's instance without notice to the trustee, the United States trustee,

and such other persons as the court may direct, and only on order of the court containing terms and conditions which the court deems proper." <u>See</u> Fed. R. Bankr. P. 7041 (emphasis added).

6. As a result, the Plaintiff will serve this application on the Chapter 7 trustee appointed in the Main Bankruptcy Case, as well as the Defendant and the Defendant's attorney in the Main Bankruptcy Case.

**WHEREFORE**, the UST requests that the Court enter an order dismissing this Adversary Proceeding (without prejudice to the UST's rights under 11 U.S.C. § 524(b)), with each party to bear its own costs.

Dated: June 8, 2022.

        Respectfully submitted,

        TRACY HOPE DAVIS,
        UNITED STATES TRUSTEE

        By:/s/ Jason Blumberg
        JASON BLUMBERG
        Trial Attorney
        Office of the United States Trustee
        501 "I" Street, Suite 7-500
        Sacramento, CA 95814-2322
        Direct Phone: (916) 930-2076
        Fax: (916) 930-2099
        E-mail: Jason.blumberg@usdoj.gov